THE PEOPLE *ex rel.* FRANKLIN N. WRIGHT, Appellant, *v.* REUBEN WILLARD, Respondent.

*Court of Appeals, October 9, 1888.*

See 8 N. Y. St. Rep. 733.

1. *Appeal. Order allowing.*—The provision in section 191 of the Code that the general term may make an order allowing an appeal to the court of appeals is intended to provide, not only for cases where the pecuniary value in controversy is less than $500, but also for those involving important public or private interests which cannot be measured by any pecuniary standard.

2. *Same.*—From a judgment of the general term in an action in the nature of a *quo warranto*, brought to oust the defendant from an office with which no compensation, salary or perquisites was connected, where no pecuniary consideration was involved in the controversy, no appeal lies to the court of appeals, without first obtaining an order of the general term allowing such appeal.

3. *Same.*—But if it had been made to appear that the relator had suffered damages, amounting to $500, by his exclusion from office, or that he would be entitled to recover such damages in an action under section 1953 of the Code, the appeal, it seems, would be authorized.

Motion to dismiss an appeal from a judgment of the general term of the supreme court, reversing a judgment in favor of the plaintiff, and directing judgment dismissing the complaint.

*D. O'Brien,* attorney-general, and *J. H. & M. Dudley,* for appellant.

*Lee S. Anable,* for respondent.

EARL, J.—This action is in the nature of *quo warranto,* and was brought by the attorney-general in the name of the people of the state on the relation of Franklin N.

Wright to oust the defendant Reuben Willard from the office of trustee of the village of Northville, County of Fulton, in which office it is alleged he had unlawfully intruded, and therefrom had excluded the relator. The relief demanded in the complaint is for judgment of ouster against the defendant, and also for restoration of the relator to the office. No other relief aside from costs is demanded. The action was tried by the court without a jury at a special term, and the trial resulted in a judgment in favor of the plaintiff and against the defendant, adjudging the relator to be entitled to the office, and that the defendant was not entitled thereto, and giving costs against him. From that judgment the defendant appealed to the general term of the supreme court, which reversed the judgment and dismissed the complaint with costs. The plaintiff then appealed to this court.

No order was obtained from the general term allowing the appeal, and this motion is made under subdivision three of section 191 of the Code, to dismiss the appeal upon the ground that the matter in controversy is less than $500.

It appears that a trustee of Northville is not entitled to any compensation or salary for his official services, and that there are no perquisites connected with his office, and that no pecuniary consideration is involved in this controversy. The case is therefore brought within the subdivision cited. The language of that subdivision is broad and sweeping, and absolutely forbids an appeal to this court from any judgment if the matter in controversy excluding costs be less than $500, unless the action is one affecting the title to real property, or some interest therein; and the further provision that the general term may make an order allowing the appeal is intended to provide, besides cases where the pecuniary value in controversy is less than $500, for those involving important public or private interests which cannot be measured by any pecuniary standard.

If it had been made to appear that the relator had suffered damages amounting to $500, by his exclusion from office, or that he would be entitled to recover such damages in an action under section 1953, of the Code, the appeal would be authorized. But upon the facts as they appear before us, the relator has suffered no pecuniary damages, and could not in any event, recover damages in an action commenced under that section.

We have, therefore, no alternative but to dismiss the appeal, and it should be so ordered, with costs in all the courts.

All concur.